IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER CRAIG, | § | |
| | § | No. 431, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1206022379 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 24, 2021
Decided: November 4, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

# **O R D E R**

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) Christopher Craig appeals the Superior Court's November 18, 2020 order denying his motion for correction of sentence. Because the judge who entered the order—a former attorney with the Office of Defense Services—was Craig's lawyer in the proceedings giving rise to the motion for correction of sentence, we conclude that the matter must be remanded and a different judge assigned to handle Craig's motion for correction of sentence.

(2) The record reflects that, in 1997, a Superior Court jury found Craig guilty of second-degree murder and possession of a deadly weapon during the

commission of a felony in Criminal ID No. 9508024373.  Following a presentence investigation, the Superior Court sentenced Craig to an aggregate of 38 years, followed by probation.  This Court affirmed Craig's convictions and sentence on direct appeal.[1]

(3)     In July 2012, while Craig was serving his sentence in Criminal ID No. 9508024373, a Superior Court grand jury charged Craig by indictment with one count of promoting prison contraband.  On November 5, 2012, Craig, with the assistance of then-counsel/now-Superior Court Judge, pleaded guilty to promoting prison contraband in Criminal ID No. 1206022379. The Superior Court immediately sentenced Craig to three years of Level V incarceration, suspended after 12 months for 12 months of Level III probation.  Craig did not appeal his conviction or sentence.

(4)     In August 2018, the Department of Correction advised Craig that the good time credit he had earned on his sentence in Criminal ID No. 9508024373 was revoked by operation of statute because of his conviction for promoting prison contraband.[2]  On August 1, 2019, Craig filed a motion for postconviction relief, arguing, among other things, that trial counsel was ineffective for failing to advise him that he was forfeiting the good time credit he had accumulated to date by

---

[1] *Craig v. State*, 1998 WL 664954 (Del. July 16, 1998).
[2] *See* 11 *Del. C.* § 4382(a) ("Any person subject to the custody of the Department [of Correction] at Level IV or V shall, upon the conviction of any crime during the term of the sentence, forfeit all good time accumulated to the date of the criminal act; this forfeiture is not subject to suspension.").

pleading guilty to promoting prison contraband. The Superior Court docket reflects that Craig's motion for postconviction relief was specially assigned to a different Superior Court judge because of the assigned judge's conflict of interest. The Superior Court denied the motion as untimely,[3] and we affirmed on appeal.[4]

(5) On October 1, 2020, Craig filed a motion for correction of sentence under Superior Court Criminal Rule 35(a), arguing that the automatic forfeiture of his good time credit renders his sentence illegal. On November 18, 2020, the Superior Court denied the motion for correction of illegal sentence. This appeal followed.

(6) In his opening brief on appeal, Craig argues that (i) his sentence is illegal because 11 *Del. C.* § 4382 does not provide for the automatic revocation of good time credit but, rather, requires a Superior Court order directing that an inmate's good time credit be revoked and (ii) the judge who denied the motion for correction of sentence should have recused himself from ruling on the motion. Because Craig did not raise the recusal issue in the Superior Court, the State concedes that, in the interests of justice, Craig's case should be remanded for the Superior Court to determine in the first instance if recusal is appropriate. In Craig's reply brief, he maintains that the judge should be bound by his previous recusal in

---

[3] *State v. Craig*, 2019 WL 4131121 (Del. Super. Ct. Aug. 29, 2019).
[4] *Craig v. State*, 2020 WL 4360784 (Del. July 29, 2020).

3

Craig's case and that a different judge should hear his motion for correction of sentence.

(7) The Court concludes that this matter should be remanded and a different judge assigned to consider Craig's motion for correction of sentence. Canon 2 of the Delaware Judges' Code of Judicial Conduct dictates that, absent the written agreement of the parties, a judge should disqualify himself when he "served as a lawyer in the matter in controversy…."[5] It follows that, upon remand, the matter should be reassigned to a different judge.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is VACATED, and the matter is REMANDED to the Superior Court for further proceedings consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[5] Delaware Judges' Code of Judicial Conduct Rule 2.11(A)(4)(a).